

KEVIN KAMENETZ
*County Executive*

MICHAEL E. FIELD, *County Attorney*
*Office of Law*

July 27, 2017

The Honorable Catherine C. Blake
Chief Judge, United States District Court
For the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

    **Re**: *Heather Flanary v. Baltimore County, Maryland*
           Case No.: 16-CV-03422 CCB

Dear Judge Blake:

    This is in response to Your Honor's letter Order of July 19, 2017 (ECF No. 26). As Your Honor will recall, the Defendants opposed Plaintiff's Rule 56 motion (ECF No. 10). On November 30, 2016 the Court held a telephone conference with counsel to resolve the question of whether discovery was appropriate, and if so, what would be the permitted scope of it. At that time I argued that Plaintiff had not made the requisite particularized showing that discovery was necessary in order to respond to Defendant's motion for summary judgment. Alternatively, I urged that if discovery were permitted, and if the Court then held a full evidentiary hearing on the request for preliminary injunction, then the Court's resolution of the issues should also be dispositive of the summary judgment motion. While not committing to this approach, Your Honor agreed that this may well be how the case would unfold – as is permitted under Rule 65. Further, Plaintiff's counsel pointed to this practical reality as the principal reason why she should be permitted to depose Chief Johnson and make document requests – because the preliminary injunction rulings were likely to be dispositive. Your Honor therefore ruled that "the parties may engage in limited discovery, including production of documents needed for the hearing and a deposition of Chief Johnson." (ECF No. 11).

    The Plaintiff then served all-encompassing document requests and the County dutifully produced over 1500 pages of documents, covering every conceivable fact and issue raised in this case. Then, on January 24, 2017, Plaintiff's counsel deposed

1

Historic Courthouse | 400 Washington Avenue | Towson, Maryland 21204 | Phone 410-887-4420 | Fax 410-296-0931
www.baltimorecountymd.gov

Chief Johnson for several hours. Twenty two exhibits were introduced at this deposition. It is the County's belief and position that any and all remotely relevant evidence was provided to Plaintiff well in advance of the three day hearing and no further discovery is necessary or appropriate.

Following discovery the Court held a three day evidentiary hearing at which Officer Flanary testified at length. She also called two fact witnesses and with the County's stipulation she proffered the prior testimony of three other witnesses. Officer Flanary also called two expert witnesses; Dr. Christine Tellefsen, and Suzanne Best, Psy.D. The County called two fact witnesses; Frances Butcher and Chief Johnson. The County called Caren DeBernardo, Psy.D. as its expert. Both sides were allowed the time and opportunity for full cross examination and re-direct of each witness. Voluminous documentary evidence was also admitted.

The Court then allowed the parties to file post-trial legal memoranda, and both parties did so – citing the hearing transcript in support of our respective legal arguments. On May 11, 2017 the Court filed an exhaustive and well-reasoned Memorandum Opinion. (ECF No. 24) In its Memorandum the Court thoroughly examined and rejected each of Plaintiff's ADA claims and theories in light of the controlling law and the evidence that was adduced at the three day hearing.

Since the Court issued its Memorandum and Order there have been several relevant developments. First, on June 7, 2017, Sgt. Dave Rose, the Vice President of the F.O.P., delivered to Ms. Butcher in the County's H.R. office, an Order that Officer Flanary had just signed. *See,* Order, attached as Exhibit 1 (the original Order was admitted into evidence at the injunction hearing). The Order in question is the critical document in this case: former Chief Johnson's July 6, 2016 Order setting forth the actions Flanary must take in order to have her police powers reinstated and to return to full duty. Your Honor may recall that Officer Flanary originally signed this Order on July 6, 2016 but then "respectfully declined" to abide by it. This refusal on her part caused Chief Johnson to suspend her police powers and place her on administrative duty.[1]

Further, Officer Flanary has now also signed the Authorization for Release of Confirmation of Compliance With Treatment. *See,* Authorization, attached as Exhibit 2 (the unsigned version of this document was also admitted at the hearing).

---

[1] The Court may note, as undersigned counsel did, that there are asterisks beside Flanary's signature and the date on this new form. In light of this, Ms. Butcher contacted Sgt. Rose to make sure that we were not missing a qualifying addendum or the like. Rose confirmed that there were no such qualifiers and stated that he believed Flanary was just highlighting the fact that she had signed the document again on June 7, 2017, with no reservations.

2

In accordance with this Authorization, Ms. Butcher has corresponded with Dr. Yaffe and he has confirmed that Officer Flanary has seen him several times for therapy in 2016-2017. He has further advised that he anticipates continuing to see her every week or two as their schedules allow. Finally - like Dr. DeBernardo opined back in September of 2015 - he has informed us that he believes that Flanary is fit for full duty while she receives this continuing therapy.

In light of these developments the police department and the County's H.R. office have promptly taken all necessary steps to return Officer Flanary to full duty. She is scheduled to attend "in service training" on July 26 and July 27. These sessions are to catch her up on the training all officers received in 2016. She is scheduled for her firearm re-qualification on July 31. Provided she qualifies at the Range she will then be reassigned to full patrol duties at Essex precinct, where she had previously been assigned.

In light of the Court's prior rulings, and these subsequent events, the County respectfully submits that the Court should proceed to rule on the pending motion for summary judgment, and that the motion should be granted.

Respectfully submitted,

/s/

Paul M. Mayhew
Assistant County Attorney

3



*"Integrity..Fairness..Service"*

# BALTIMORE COUNTY POLICE DEPARTMENT
## INTRA-DEPARTMENT CORRESPONDENCE

**TO:** Heather Flanary

**FROM:** Chief James W. Johnson   *(signed: Chief James W. Johnson)*

**DATE:** July 5, 2016

**SUBJECT:** Fitness for Duty

---

On January 28, 2016 you were issued an Order requiring you to complete several actions as a mandatory condition of your assignment as a full duty police officer. To this date you have failed to take the following mandatory actions:

1. Authorize the Baltimore County Office of Human Resources to deliver copies of Dr. DeBernardo's Fitness For Duty report and recommendations for treatment to your treating provider(s);

2. Authorize your treating provider and psychiatrist to disclose your attendance or non-attendance to scheduled appointments and time frame necessary to complete the recommendations for treatment, not to include diagnostic and/or clinical information, to George E. Gay, Director of Human Resources, and Frances R. Butcher, Chief of Police Personnel Section, Office of Human Resources;

3. Authorize your treating provider to correspond with Dr. DeBernardo to include confirmation that you have initiated treatment; at two months confirming your active participation in treatment; at four months stating your progress with symptoms; and when you have reached maximum improvement in treatment; and

4. Participate in a follow up evaluation with Dr. DeBernardo as scheduled by the Office of Human Resources.

You have 21 days from your receipt of this Order to comply with items 1 through 3, and to contact Frances Butcher (x0114) in the Office of Human Resources to schedule the evaluation referenced in item 4. Failure to comply with this Order will result in disciplinary action.

JWJ:pm:dfs

Signed: _Heather Flanary 5558_   Date: 06/07/2017   07/06/2016
Heather Flanary

Witness: _Major Steven Hlavach 4465_   Date: 7/6/16
Major Steven Hlavach

**EXHIBIT 1**



## Authorization For Release of Confirmation of Compliance with Treatment

*To be completed by the employee:*

Health Care Provider:

Name: Dr. Samuel Yaffe

Address: _____

Phone #: 410·323·3232

Fax #: 410 472·3735

On September 25, 2015 I, Heather Flanary, consented to a Psychological Consultation - Fitness For Duty evaluation conducted by Dr. Caren DeBernardo. I have provided a copy of the report of said evaluation, which contains recommendations for treatment/therapy, to the Health Care Provide named above.

I authorize the above provider to release confirmation of my attendance to scheduled appointments and estimated time frame necessary to complete the recommendations for treatment/therapy, not to include diagnostic and/or clinical information, to:

Frances R. Butcher, Chief of Police Personnel
Baltimore County Office of Human Resources
Fax: (410) 887-8306    Phone: (410) 887-0114

I further authorize Dr. Caren DeBernardo to discuss my treatment and progress with the above provider, as needed, regarding my fitness for duty.

Employee Signature    Date: 6·7·17

Witness Signature    Date: 6/7/17

E.426

**EXHIBIT 2**